{¶ 29} I concur in judgment and opinion. I write separately to clarify my position on the burden-of-proof regarding appellant's second petition following his reclassification as a Tier III sex offender.
 {¶ 30} Appellant filed two petitions after his reclassification. Under his first petition, appellant requested a hearing under R.C. 2950.031(E) and R.C. 2950.032(E) to contest whether the new registration requirements of R.C. Chapter 2950 (the Adam Walsh Act) should apply to him. Further, appellant filed a second petition under R.C. 2950.11(F)(2) asking the court to find that he should not be subject to the community notifications requirements of R.C. 2950.11(F), which applies to all sex offenders and not to just those offenders who were reclassified under the Adam Walsh Act. Apparently, the trial court consolidated these two hearings.
 {¶ 31} The majority opinion seemingly applies the RC. 2950.031
burden-of-proof requirement to the second petition involving R.C. 2950.11(F), which is silent as to who has the burden-of-proof. In my view, the burden-of-proof in R.C. 2950.031 is not necessarily relevant to the R.C. 2950.11(F) petition. Nevertheless, in this case, I find this distinction irrelevant because I agree with the majority that appellant should have the burden-of-proof. *Page 16 
 {¶ 32} Accordingly, with this distinction, I concur in judgment and opinion. *Page 17 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion with Opinion.
Abele, J.: Concurs in Judgment and Opinion.
 *Page 1